UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **SAIM SARWAR, Individually,** | : |
| **Plaintiffs,** | : |
| v. | : Case No. |
| **JSK, LLC, Foreign Limited Liability Company,** | : |
| **Defendant.** | : |
| _____ / | : |

# COMPLAINT
(Injunctive Relief Demanded)

Plaintiff, SAIM SARWAR, Individually, on her behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, JSK, LLC, Foreign Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1. Plaintiff is a resident of Florida, is sui juris, and qualifies as an individual with disabilities as defined by the ADA. Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Instead, Plaintiff is bound to ambulate in a wheelchair or with a cane or other support and has limited use of her hands. She is unable to tightly grasp, pinch and twist of the wrist to operate. Plaintiff is also vision impaired. When ambulating beyond the comfort of her own home, Plaintiff must primarily rely on a wheelchair. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap

and access aisles must be of sufficient width so that she can embark and disembark from a ramp into her vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. She has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. She is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning her legs. Sinks must be at the proper height so that she can put her legs underneath to wash her hands. She requires grab bars both behind and beside a commode so that she can safely transfer and she has difficulty reaching the flush control if it is on the wrong side. She has difficulty getting through doorways if they lack the proper clearance.

2. Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting her civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3. According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the Defendant owns is a place of lodging known as Budget Inn 7825 Post Road, North

Kingstown, RI 02852, and is located in the County of Washington, (hereinafter "Property").

4. Venue is properly located in this District because the subject property is located in this district.

5. Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

6. As the owner of the subject place of lodging, Defendant is required to comply with the ADA. As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA. These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7. More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement:

> **Reservations made by places of lodging.** A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

> (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;
> (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;
> (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;
> (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and
> (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

8. These regulations became effective March 15, 2012.

9. Defendant, either itself or by and through a third party, accepts reservations for its hotel online through one or more websites. The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section 36.302(e).

10. Prior to the commencement of this lawsuit, Plaintiff visited the websites for the purpose of reviewing and assessing the accessible features at the Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and her accessibility needs. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e). As a result, Plaintiff was deprived the same goods, services, features, facilities, benefits,

advantages, and accommodations of the Property available to the general public. Specifically, (a) the hotel's online reservations service operating through www.expedia.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible; (b) the hotel's online reservations service operating through www.hotels.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible; (c) the hotel's online reservations service operating through www.orbitz.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible; (d) the hotel's online reservations service operating through www.agoda.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible; (e) the hotel's online reservations service operating through www.cheaptickets.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible; (f) the hotel's online reservations service operating through www.travelocity.com failed to identify accessible rooms, failed to provide an option for booking an accessible room, and did not provide sufficient information as to whether the rooms or features at the hotel are accessible.

11. In the near future, Plaintiff intends to revisit Defendant's online reservations system in order to test it for compliance with 28 C.F.R. Section 36.302(e). In this respect, Plaintiff maintains a system to ensure that she revisits the online reservations system of every hotel she sues. By this system, Plaintiff maintains a list of all hotels she has sued with several columns following each. She continually updates this list by, among other things, entering the dates she did visit and plans to again visit the hotel's online reservations system.  With respect to each hotel, she visits the online reservations system multiple times prior to the complaint being filed, then visits again shortly after the complaint is filed. Once a judgment is obtained or settlement agreement reached, she records the date by which the hotel's online reservations system must be compliant and revisits when that date arrives.

12. Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless she is willing to suffer additional discrimination.

13. The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive her of the information required to make meaningful choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public.  By encountering the

discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websitesunless she is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, goods, services and benefits readily available to the general public.  By maintaining a websiteswith violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.  Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

14. Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websitesto comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remains in compliance.

15. Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to these websites. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant.

16. The Defendant has discriminated against the Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject website.

17. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

18. Defendant has discriminated against the Plaintiff by denying her access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

19. Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

20. Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other

persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b. Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

  /s/ Daniel G. Ruggiero
Daniel G. Ruggiero, Esq.
275 Grove Street, Suite 2-400
Newton, MA 02466
druggieroesq@gmail.com
(339) 237-0343

# UNITED STATES DISTRICT COURT
for the
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| SAIM SARWAR, Individually, ) | |
|     Plaintiff, ) | |
| v. ) | Civil Action No. |
| ) | |
| JSK, LLC, Foreign Limited Liability ) | |
| Company, ) | |
|     Defendant. | |

**SUMMONS IN A CIVIL ACTION**

To:      JSK, LLC
             c/o
             Renuka Patel 7825 Post Road, North Kingston, RI 02852

      A lawsuit has been filed against you.

      Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Daniel G. Ruggiero, Esq.
275 Grove Street, Suite 2-400
Newton, MA 02466
druggieroesq@gmail.com
(339) 237-0343

      If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____                     _____
                                                                                       *Signature of Clerk or Deputy*

**AUTHORIZATION TO INITIATE
COMPLAINT FOR INJUNCTIVE RELIEF
UNDER THE ADA**

1. Authorization is hereby given to Thomas B. Bacon, P.A. to initiate a complaint on my behalf against the following defendant:

    JSK, LLC dba Budget Inn 7825 Post Road, North Kingstown, RI 02852 and its online reservations system.

2. For the case involving the above mentioned defendant, the "Standard ADA Fee Agreement" and the "Standard ADA Statement of Client's Rights", shall establish the rights and obligations of the client and the attorneys.

3. I have read the draft of the Complaint prepared by Thomas B. Bacon, P.A., and I agree with its contents. I have visited and reviewed the subject websites and encountered barriers to access which discriminated against my on the basis of my disability as described in the complaint.

_Saim Sarwal_ (signature)     12/21/2020
SAIM SARWAR              Date

Re: SAIM SARWAR v. JSK, LLC dba Budget Inn 7825 Post Road, North Kingstown, RI Our File 1583-RI

# Daniel Goldsmith Ruggiero, Esquire*

*Admitted to practice law in ME, MA, RI, CT, NY, NJ & PA (state courts)
ME, MA, RI, CT, NDNY, WDNY, EDNY, SDNY, NJ, EDPA & MDPA (federal courts)

December 18, 2020

**Via Email Only**
Saim Sarwar
Address

Re:    SAIM SARWAR v. JSK, LLC dba Budget Inn 7825 Post Road, North Kingstown, RI Our File 1583-RI

Dear Mr. Sarwar:

Enclosed herein, please find the following:

Please retain for your records:
❏     Complaint

To be signed and returned:
❏     Authorization to Initiate Complaint

Please review the enclosed documents and if they meet with your approval, please sign and email back.

If you have any questions, please do not hesitate to call.  Thank you.

Very truly yours,

/s/  Daniel G. Ruggiero

Daniel G. Ruggiero, Esq.

Enclosures

**\*Please send all correspondence to MA office**
**\*\*By appointment only**

| **Massachusetts Office\*\*** | **New Jersey Office\*\*** | **New York Office\*\*** |
|---|---|---|
| 275 Grove Street, Suite 2-400 | One Gateway Center | 41 Madison Avenue |
| Newton, MA 02446 | Suite 2600 | 25th Floor, Suite 2539 |
| druggieroesq@gmail.com | Newark, NJ 07102 | Mew York, NY 10010 |
| 339-237-0343 (phone) | | |
| 339-707-2808 (fax) | | |

# Daniel Goldsmith Ruggiero, Esquire*
*Admitted to practice law in ME, MA, RI, CT, NY, NJ & PA (state courts)
ME, MA, RI, CT, NDNY, WDNY, EDNY, SDNY, NJ, EDPA & MDPA (federal courts)

JSK, LLC

Re: SAIM SARWAR v. JSK, LLC dba Budget Inn 7825 Post Road, North Kingstown, RI Our File 1583-RI

To Whom It May Concern:

    Please be advised that you are under a legal duty to maintain, preserve, retain, protect, and not destroy any and all documents and data, both electronic and hard copy, that may be relevant to Plaintiff's claims as set forth in the Complaint. The failure to preserve and retain the electronic data and evidence outlined in this notice may constitute spoliation of evidence which will subject you to legal claims for damages and/or evidentiary and monetary sanctions.

    For purposes of this notice, electronic data or electronic evidence shall include, but not be limited to, your hotel websites and all websites utilized by you for online reservations, including through third parties, as they exist on the date on which you were first served a copy of this letter and/or Complaint that was filed in the above referenced cause of action. This also includes any and all websites pertaining to the Hotel described in the Complaint. This includes any and all websites through which guest accommodations at the hotel may be booked or reserved and any other web pages pertaining to the hotel on those sites. This further includes any websites operated by third parties, such as Hotels.com, Expedia, Orbitz, Travelocity or any other online booking service. In the event that this data has already been destroyed, overwritten or otherwise altered, then electronic data and evidence shall therefore include the websites as they exists as of the date you receive this correspondence.

    Electronic evidence and data shall further include the above-referenced websitespage(s) in its/their entirely as they are visible to the general public as well as all source code, HTML, or underlying code.

    Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data and/or evidence relevant to the Plaintiffs claims, and you are further instructed to take reasonable efforts to preserve such data and/or evidence. To meet this burden, you are instructed by way of example and not limitation, to:

- Preserve all data storage backup files (i.e., not overwrite any previously existing backups);
- Preserve and retain all data from servers and networking equipment logging network access activity and system authentication;

- Preserve and retain all electronic data in any format, media, or location relating to the claims, including data on hard drives, hard disks, floppy disks, zip drives, CD-ROMs, CD-RWs, DVDs, backup tapes, PDAs, memory cards/sticks, or digital copiers or facsimile machines;
- Prevent employees from deleting or overwriting any electronic data related to the Plaintiffs claims; and
- Take such other security measures, including, but not limited to, restricting physical and electronic access to all electronically stored data directly or indirectly related to the Plaintiff s claims.

Thank you for your attention in this regard.

Very truly yours,

/s/ Daniel G. Ruggiero

Daniel G. Ruggiero, Esq.

*Please send all correspondence to MA office
**By appointment only

| **Massachusetts Office**** | **New Jersey Office**** | **New York Office**** |
|---|---|---|
| 275 Grove Street, Suite 2-400 | One Gateway Center | 41 Madison Avenue |
| Newton, MA 02446 | Suite 2600 | 25th Floor, Suite 2539 |
| druggieroesq@gmail.com | Newark, NJ 07102 | New York, NY 10010 |
| 339-237-0343 (phone) | | |
| 339-707-2808 (fax) | | |

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **SAIM SARWAR, Individually,** | : |
| | : Case No.: [case number] |
| **Plaintiff,** | : |
| | : |
| **v.** | : |
| | : |
| **JSK, LLC, Foreign Limited Liability Company,** | : |
| | : |
| **Defendant.** | : |

## PLAINTIFFS' CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

I hereby certify as follows:

1. The name of each person, attorney, association of persons, firm, law firm, partnership, and corporation that has or may have an interest in the outcome of this action - including subsidiaries, conglomerates, affiliates, parent corporations, publically-traded companies that own 10% or more of a party's stock, and all other identifiable legal entities related to any party in the case:

Daniel G. Ruggiero, Attorney-At-Law

SAIM SARWAR, Individual Plaintiff(s)

JSK, LLC, Defendant

2. The name of every other entity whose publically-traded stock, equity, or debt may be substantially affected by the outcome of the proceedings:

None other than the Defendant.

3. The name of every other entity which is likely to be an active participant in the proceedings, including the debtor and members of the creditors' committee (or twenty largest unsecured creditors) in bankruptcy proceedings:

None other than the Defendant.

4. The name of each victim (individual or corporate) of civil and criminal conduct alleged to be wrongful, including every person who may be entitled to restitution:

SAIM SARWAR

I certify that I am unaware of any actual or potential conflict of interest involving the District Judge and Magistrate Judge assigned to this case and will immediately notify the Court in writing upon learning of any such conflict.

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this December 18, 2020.

          Respectfully submitted,

          /s/ Daniel G. Ruggiero  
          Daniel G. Ruggiero, Esq.  
          275 Grove Street, Suite 2-400  
          Newton, MA 02466  
          druggieroesq@gmail.com  
          (339) 237-0343

# UNITED STATES DISTRICT COURT
# DISTRICT OF RHODE ISLAND

| | |
|---|---|
| **SAIM SARWAR, Individually,** | : |
| | : Case No.: [case number] |
| **Plaintiff,** | : |
| | : |
| v. | : |
| | : |
| **JSK, LLC, Foreign Limited Liability Company,** | |
| **Defendant.** | |

## PLAINTIFFS' NOTICE OF PENDENCY OF OTHER ACTIONS

I hereby certify that the instant action is not related to any pending or closed civil or criminal action previously filed in this Court, or any other Federal or State Court, or administrative agency.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via the Court's electronic filing system upon all parties of record this December 18, 2020.

Respectfully submitted,

/s/ Daniel G. Ruggiero
Daniel G. Ruggiero, Esq.
275 Grove Street, Suite 2-400
Newton, MA 02466
druggieroesq@gmail.com
(339) 237-0343